PER CURIAM:
On a clear and dry October 27, 1989, evening, claimant Reginald Cunningham was driving his 1988 Nissan Sentra on State Route 9 near the turn-off for the Berwind Country Store in McDowell County. As he approached the turn-off for the store, his vehicle struck a hole in the road, claimant could not estimate the size or depth of the hole. The impact punctured a left front tire and produced a slow leak in the left rear tire. Both hubcaps and rims for the left side of the car were bent. An estimate obtained from a Nissan dealership two weeks after the accident indicates that replacement of the described items will cost $344.57. The claim submitted is for *138 the amount of $350.51. Claimant testified that he did not notify respondent of this accident, nor did he contact law enforcement authorities.
Respondent avers no knowledge of the defect complained of. Respondent further argues that this claim submitted December 1, 1990, was the first and only notice it has received concerning a hole in Route 9 in the area of Berwind Country Store. Accordingly, respondent asserts a lack of notice of this alleged hazard.
The law governing such a claim is well settled. For the respondent to be held liable for damage caused by a hole in the road surface, it must have had either actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Davis vs. Department of Highways, 11 Ct. Cl. 150 (1977). As the claimant has failed to prove that respondent knew or should have known that a dangerous hole was present in the road, the claim must be denied.
Claim disallowed.